### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RALPH W. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-06-1268-M |
| | ) |
| ROBERTS TRUCK CENTER, | ) |
| | ) |
| Defendant. | ) |

### **ORDER**

Before the Court is plaintiff's Motion to Certify a Question to the Oklahoma Supreme Court, filed April 13, 2007. On May 1, 2007, defendant filed its response, and on May 11, 2007, plaintiff filed his reply.

In his motion, plaintiff moves this Court to certify the following question to the Oklahoma Supreme Court:

> Do the *Clinton v. State ex rel. Logan County Election Bd.*, 2001 OK 52, 29 P.3d 543 and *Saint v. Data Exch., Inc.*, 2006 OK 59, 145 P.3d 1037 decisions means [sic] that for cases arising under the Oklahoma Anti-Discrimination Act, an "adequate" remedy sufficient to preclude recognizing a *Burk* tort must be one in which there are the same rights and remedies as would be available under 25 O.S. § 1901?

Pursuant to Oklahoma law, the Oklahoma Supreme Court may answer a question of law certified to it by this Court "if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling decision of the Supreme Court or Court of Criminal Appeals, constitutional provision, or statute of this state." Okla. Stat. tit. 20, § 1602. Having carefully reviewed this matter, the Court finds one of these criteria is not met in the instant case. As set forth in the Court's order on defendant's motion to dismiss, entered this same date, the *Saint* case is controlling in this case.

Accordingly, the Court DENIES plaintiff's Motion to Certify a Question to the Oklahoma Supreme Court [docket no. 14].

**IT IS SO ORDERED this 24th day of July, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE