**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RALPH W. TAYLOR,            )<br>                                              )<br>              Plaintiff,          )<br>                                              )<br>vs.                                         )          Case No. CIV-06-1268-M<br>                                              )<br>ROBERTS TRUCK CENTER, )<br>                                              )<br>              Defendant.       ) | |

## **ORDER**

Before the Court is defendant's Motion to Dismiss Amended Complaint, filed June 11, 2007. On June 12, 2007, plaintiff filed his response, and on July 13, 2007, defendant filed its reply.

I.      Introduction

Plaintiff was formerly an employee of defendant. He was terminated from his employment on August 31, 2006, and was sixty-two years old at the time. Plaintiff claims that one motivating or significant factor in the decision to terminate him was his age. Plaintiff has filed the instant action alleging causes of action for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626, and in violation of the Oklahoma Anti-Discrimination Act ("OADA"), Okla. Stat. tit. 25, §§ 1101, *et seq*. Defendant now moves to dismiss plaintiff's state law age discrimination claim.

II.     Discussion

Defendant contends that plaintiff has failed to state a claim under the OADA because it does not provide a private right of action for age-based claims and because there is no actionable state law public policy claim based upon the OADA.[1] In his response, plaintiff does not dispute that the

---

[1] In its motion, defendant contends that in his Amended Complaint plaintiff has asserted his state law claim only under the OADA and has not asserted a state law public policy claim. Having

OADA does not provide a private right of action for age-based claims but does assert that a state law public policy claim based upon the OADA, brought pursuant to *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989), is actionable.

Prior to the Oklahoma Supreme Court's recent decision in *Saint v. Data Exchange*, 145 P.3d 1037 (Okla. 2006), a plaintiff could not bring a *Burk* tort claim for age discrimination. *See List v. Anchor Paint Mfg. Co.*, 910 P.2d 1011 (Okla. 1996) (holding that *Burk* exception to at-will termination rule does not apply to age discrimination claims). However, in *Saint*, the Oklahoma Supreme Court held that "there is a *Burk* tort remedy for those who allege employment age discrimination." *Saint*, 145 P.3d at 1039. Relying on *Collier v. Insignia Fin. Group*, 981 P.2d 321 (Okla. 1999) and *Tate v. Browning-Ferris, Inc.*, 833 P.2d 1218 (Okla. 1992), the Oklahoma Supreme Court held that denying age discrimination claimants a common law remedy for wrongful discharge would violate Art. 5, § 46 of the Oklahoma Constitution. *Saint*, 145 P.3d at 1038-39. The court further held that "[a]ge discrimination victims are part of the employment discrimination class, and as such must be afforded the same rights as the other members of the class" and that because victims of age discrimination are denied the more extensive state law remedies available to victims of disability discrimination, those victims are allowed to bring a *Burk* tort claim. *Id.*

Accordingly, the Court finds that pursuant to *Saint*, plaintiff may bring a state law *Burk* tort claim for age discrimination.[2]

---

reviewed the Amended Complaint, the Court finds that plaintiff has asserted a state law public policy claim.

[2]In its motion, defendant also asserts that plaintiff can not bring a *Burk* tort claim for age discrimination because he has adequate federal remedies under the ADEA. The Court finds that this assertion was also made in *Saint* and is without merit. In *Saint*, the plaintiff had also brought a claim under the ADEA, and the defendant had asserted "that the ADEA remedy is adequate and therefore,

III.	Conclusion

For the reasons set forth above, the Court DENIES defendant's Motion to Dismiss Amended Complaint [docket no. 25].

**IT IS SO ORDERED this 24th day of July, 2007.**

_____
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

that no state remedy should be implied." *Saint*, 145 P.3d at 1038.