# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RALPH W. TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-06-1268-M ) |
| ROBERTS TRUCK CENTER, | ) ) |
| Defendant. | ) ) |

## ORDER

This case is scheduled for trial on the Court's December, 2007 trial docket.

Before the Court is defendant's Motion for Summary Judgment, filed October 1, 2007. On October 25, 2007, plaintiff filed his response, and on November 5, 2007, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I. Introduction

Plaintiff Ralph W. Taylor ("Taylor") was the Service Manager over defendant's Oklahoma City, Ardmore, and Enid service departments. One of Taylor's job responsibilities was closing out repair orders.[1] On or about August 31, 2006, Taylor was terminated from his employment based upon his alleged failure to close out two repair orders. On November 7, 2006, Taylor filed the instant action alleging age discrimination under the Age Discrimination in Employment Act and Oklahoma's anti-discrimination statutes. Defendant now moves for summary judgment on Taylor's claims.

II. Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to

---

[1] It was also the responsibility of the local service managers, who reported to Taylor, to close out repair orders.

any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

To establish a prima facie case of age discrimination, Taylor must show that (1) he belongs to the protected age group; (2) his job performance was satisfactory; (3) he was discharged; and (4) he was replaced by a younger person. *MacDonald v. Delta Airlines, Inc.*, 94 F.3d 1437, 1441 (10th Cir. 1996). It is undisputed that Taylor can establish that he belongs to the protected age group, was discharged, and was replaced by a younger person. Defendant, however, asserts that Taylor can not establish that his job performance was satisfactory.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to Taylor and viewing all reasonable inferences in Taylor's

favor, the Court finds Taylor has presented sufficient evidence to create a genuine issue of material fact as to whether his job performance was satisfactory. Specifically, the Court finds that Taylor has presented evidence that he never had any performance deficiencies of any kind noted in his personnel file at the time of his termination.

Once the plaintiff has established a prima facie case of discrimination, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for terminating the plaintiff's employment. *Equal Employment Opportunity Comm'n v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1191 (10th Cir. 2000). Defendant asserts Taylor was terminated because he was deficient in closing out two repair orders which caused monetary loss to defendant. The Court finds defendant has met its burden to produce a legitimate, non-discriminatory reason for terminating Taylor's employment.

Because defendant has provided a legitimate, non-discriminatory reason for discharging Taylor, the burden shifts to Taylor to show that there is a genuine issue of material fact as to whether defendant's explanation is pretextual. *Id.* Pretext can be established if the plaintiff shows either "that a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981) (citation omitted). "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000).

Having carefully reviewed the parties' submissions, and particularly the deposition testimony of Taylor, Blair Roberts, James Ray McGee, and Danny Keefe, the Court finds Taylor has presented

3

sufficient evidence to create a genuine issue of material fact as to whether defendant's reason for Taylor's termination is pretextual. Specifically, the Court finds that Taylor has presented evidence that Blair Roberts, defendant's vice president and the individual who made the decision to terminate Taylor, had himself taken responsibility for resolving the Waste Connection repair order – the repair order for which Taylor was ultimately terminated. Additionally, Taylor has presented evidence that defendant's stated reason for terminating Taylor have changed over time and there has been inconsistent testimony from defendant's employees – specifically Blair Roberts and Danny Keefe – regarding when defendant became aware of the delinquent Waste Connection repair order and what steps defendant took to determine who was ultimately responsible for said repair order. Further, Taylor has presented evidence that he handled approximately 9,000 repair orders a year and that over the six and a half years during which he worked for defendant, Taylor has allegedly only made two errors with regard to repair orders and was terminated based solely on these two alleged errors. Finally, Taylor has presented evidence that defendant's progressive discipline policy was not followed with respect to his termination. The Court finds that such evidence tends to show that defendant's stated reason for Taylor's termination is unworthy of credence.

Accordingly, the Court finds that defendant is not entitled to summary judgment.

IV. Conclusion

For the reasons set forth above, the Court DENIES defendant's Motion for Summary Judgment [docket no. 42].

**IT IS SO ORDERED this 13th day of November, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE